IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2009 AUG 24  P 3: 29

| | |
|---|---|
| **COUNTRY CASUALTY INSURANCE COMPANY,** | |
| Plaintiff | |
| v. | Case No. CV- 3:09cv803 |
| **RONDA ROWE MASSEY,** | |
| Defendant | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Country Casualty Insurance Company and hereby files this Complaint for declaratory judgment and submits the following:

### PARTIES

1. Country Casualty Insurance Company ("Country") is an Illinois corporation with its principal place of business in Bloomington, Illinois. Country was qualified and engaged in the business of writing insurance in the State of Alabama at all times referred to herein;

2. Ronda Rowe Massey ("Massey") is a resident citizen of the Muscogee County, Georgia.

### JURISDICTION AND VENUE

1. This is a Declaratory Judgment action and is brought pursuant to 28 U.S.C. §2201, *et seq.*, and Rule 57 of the *Federal Rules of Civil Procedure.*

2. An actual controversy of a justiciable nature exists between Country and Massey involving rights, interests, and liabilities under a policy of insurance issued by Country to Massey, which said controversy involves a policy of insurance with limits in excess of the jurisdictional requirements. There exists federal jurisdiction in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, and Diversity of Citizenship, 28 U.S.C. §1332.

## FACTS

1. On September 20, 2008, a dwelling owned by Massey located at 3754 Opelika Road, Phenix City, Alabama 36870, was damaged by fire. In addition, personal property belonging to Massey was damaged or destroyed.

2. At the time of the loss, Massey had insured the above-referenced property through a homeowner's insurance policy issued by Country, Policy #CK7110900, a copy of which is attached hereto as Exhibit 1.

3. When Massey purchased the above-referenced policy of insurance from Country, she represented that the premises would be owner occupied.

4. At the time of the September 20, 2008 fire, Massey did not occupy this dwelling.

5. Between the time Massey purchased this property in June of 2007 and the date of the fire, she never occupied this dwelling.

6. From the time that the property was purchased in June of 2007 through the September 20, 2008 fire, the property was occupied by at least two different tenants. The subject property was, therefore, tenant occupied at all times relevant to this action.

7. Massey did not hold another policy of insurance through Country Casualty at any time relevant to this action.

8. At all times relevant to this action, Country's underwriting guidelines prohibited Country from issuing a policy of insurance on a tenant occupied dwelling unless the person seeking to purchase the policy held another policy of insurance through Country or one of its related entities.

9. Country, therefore, would not have issued the policy in question had the true facts been disclosed to it by Massey.

10. According to Country's underwriting guidelines, all things being equal, the premium charged on a tenant occupied dwelling, both with respect to liability coverage and dwelling/property coverage, is higher than the premium charged for an owner occupied

dwelling.

11. Therefore, even if Massey were eligible to purchase a tenant occupied insurance policy from Country, which she was not, the premiums charged to her would have been higher than the premium actually charged, if Country had been made aware of the correct status of the occupancy of the premises.

12. Country's homeowner's policy provides coverages regarding the personal property that would not have been afforded had Country known that the premises were tenant occupied.

13. Massey, either innocently, mistakenly, recklessly, intentionally and/or otherwise misrepresented the fact that this dwelling would be owner occupied, when, in fact, it was tenant occupied.

14. The September 20, 2008 fire that damaged or destroyed the dwelling and personal property items was an intentionally set fire.

15. At the time of the September 20, 2008 fire, there was no power running to the house in question.

16. At the time of the September 20, 2008 fire, the premises in question did not receive any gas service.

17  At the time of the September 20, 2008 fire, there was no severe weather that could have caused the fire.

18. Following the fire, an independent investigation was conducted at the request of Country. The investigation revealed that the cause of the fire was a human act, most probably intentional.

19. A vehicle matching the description of a vehicle owned by Massey's husband was observed at or around the scene of the fire, at or around the time the fire occurred.

20. At or around the time of the September 20, 2008 fire, Massey was experiencing financial difficulties.

21. On September 25, 2008, a notice of foreclosure sale was posted in the local

newspaper referencing the subject property.

22. The notice of foreclosure sale was provided due to the fact that Massey had failed to make the required payments to her mortgage company.

23. At the time of the September 20, 2008 fire, the subject premises required numerous repairs, including, but not limited to the following:

    A. The roof had holes in it and needed to be repaired;

    B. The ceiling in one of the bedrooms had collapsed due to the roof problem and needed to be repaired;

    C. Raw sewage backed up in the house and underneath the house, which had to be repaired;

    D. The floors in the house were rotten and weak and had to be repaired;

    E. There were electrical problems with the home;

    F. Other repairs were necessary.

24. Before the home burned, Massey's brother in law suggested to the tenant that they should intentionally burn the house down in order to obtain insurance proceeds.

25. Massey's husband made a previous insurance claim for a fire loss to his home in October of 2000. The cause of that fire was not able to be determined.

## COUNT ONE

26 Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-25 above.

27. Massey's statement in the application for insurance for the Country policy referenced above contained misrepresentations, omissions, concealments of fact and incorrect statements that were (1) fraudulent; (2) material to the acceptance of the risk and to the hazard assumed by Country; and (3) Country, in good faith, would not have issued the contract in question, would not have issued the policy at the premium rate applied for, would not have issued the policy in this amount for the premium charged and would not have provided coverage with respect to the hazard resulting in the loss if the true facts had

been made known to Country as required either by the application for the policy or otherwise.

28. Massey innocently, mistakenly, recklessly, intentionally or otherwise misrepresented the fact that the property in question was owner occupied when, in fact, it was tenant occupied.

29. Simultaneous with the filing of this Complaint for Declaratory Judgment, the Plaintiff is filing a motion to allow it to deposit into court all premiums paid on the above-referenced policy.

WHEREFORE, Plaintiff requests that this Court allow the parties the opportunity to conduct discovery concerning this matter and further seeks an order determining whether this policy should be voided *ab initio* as per *Alabama Code* §27-14-7. Plaintiff further requests any further relief available to it.

## COUNT TWO

30. Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-29 above.

31. The policy in question does not provide coverage for damage to a dwelling in which the insured does not live.

32. The following provision is contained within the policy in question:

**SECTION 2**

**Dwelling Coverage C (Including Limitations)**

    1.    "We" cover:

        a.    The dwelling on the "residence premises"; and

        b.    Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling on the "residence premises."

33. The policy in question defines "residence premises" as follows:

    16.    "Residence Premises" means:

        a.    The one or two family dwelling where "you" principally reside; or

       b.      That part of any other building where "you" principally reside; and which is at a location listed in the declaration.

"Residence Premises" also includes grounds and appurtenant structures at that location.

34.    The policy in question also contains the following provision:

**O.**    **Concealment Or Fraud**

"We" do not provide coverage when any "Insured," whether before or after a loss, has:

    1.    Intentionally concealed or misrepresented any material fact or circumstances;

    2.    Engaged in fraudulent conduct; or

    3.    Made false statements;

relating to this insurance.

35.    Prior to the September 20, 2008 fire loss, Massey made misrepresentations that were material to an increase in the risk of loss and that were relied upon by Country to its prejudice, including, but not limited to, the fact that the property in question would be owner occupied, when, in fact, it was tenant occupied.

36.    After the September 20, 2008 loss, Massey made misrepresentations with the actual intent to deceive and that were related to a matter that was material to the loss in question, including, but not limited to, the cause of the fire in question and the occupancy status of the insured premises.

WHEREFORE, Plaintiff requests that this Court allow the parties to conduct discovery concerning this matter and further seeks an order from this Court making a determination as to whether there is coverage for any damage to the dwelling or contents as a result of the September 20, 2008 fire loss. Plaintiff further requests any additional relief available to it.

## COUNT THREE

37.    Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-36 above.

38. As noted in the provisions referred to above, coverage is only provided for dwellings on the "Residence Premises."

39. Massey did not principally reside at 3754 Opelika Road.

40. The dwelling damaged by the fire was not located on the Residence Premises.

WHEREFORE, Plaintiff requests that this Court to allow the parties to conduct discovery concerning this matter and further requests this Court to determine whether there is any coverage for the dwelling in question. Plaintiff further requests any additional relief available to it.

## COUNT FOUR

41 Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-40 above.

42. The damage to the dwelling in question, personal property and contents was caused by arson.

43. Massey had motive to commit arson.

44. There are unexplained surroundings circumstances that implicate Massey, or someone acting on her behalf, as the person that committed arson with respect to the fire that occurred on September 20, 2008.

WHEREFORE, Plaintiff requests that this Court allow the parties to conduct discovery concerning this matter and further requests this Court to make a determination as to whether there is coverage for the September 20, 2008 fire loss. Plaintiff further requests any additional relief available to it. Plaintiff further requests any additional relief available to it.

## COUNT FIVE

45. Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-44 above.

46. The Country policy in question excludes loss caused by an intentional loss.

47. An intentional loss is defined as follows:

**8.  Intentional Loss**

Intentional loss means any loss arising out of any act an "Insured" commits or conspires to commit with the intent to cause a loss.

Notwithstanding any other provisions of this policy, in the event of such loss, no "Insured" is entitled to coverage, even "Insureds" who did not commit or conspire to commit the act causing the loss.

48. The September 20, 2008 fire loss was caused by, or on behalf of Massey, and was done by an act committed with the intent to cause such a loss.

WHEREFORE, Plaintiff requests that this Court allow the parties to conduct discovery concerning this matter and further requests that this Court make a determination as to whether there is coverage for the September 20, 2008 fire loss. Plaintiff further requests any additional relief available to it.

## COUNT SIX

49. Plaintiff reavers as if set forth fully herein each of the allegations contained in paragraphs 1-48 above.

50. At all times relevant to this litigation, Massey had certified, under penalty of perjury, that her home address was 927 Vineville Street, Columbus, Georgia 31904.

51. At the same time, Massey's husband has represented that he has lived at 4714 19th Avenue, Columbus, Georgia 31904.

52. As a result of the Masseys' representing their home addresses as noted above, the Masseys have benefitted financially with respect to their federal income tax returns.

53. For this court to allow Massey to contend that she lived anywhere other than 927 Vineville Street, Columbus, Georgia 31904, would create the perception that either this Court has been mislead or the Federal Government has been mislead.

54. If Massey were not estopped from contending that her home address was, at all times relevant to this matter, 3754 Opelika Road, Phenix City, Alabama 36867, Massey would derive an unfair advantage and an unfair detriment would be imposed upon

Country.

WHEREFORE, Plaintiff requests that this Court allow the parties to conduct discovery concerning this matter and further requests this Court to make a determination as to whether there is coverage for the September 20, 2008 fire loss. Plaintiff further requests any additional relief available to it.

Respectfully submitted,

W. Evans Brittain (BRI038)
Attorney for Country

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

Defendant will be served as follows:

Ronda Rowe Massey
927 Vineville Street
Columbus, GA 31904
(via Certified Mail)